Edward F. McLaughlin, J.
Plaintiff moves at Special Term for summary judgment pursuant to CPLR 3212 to recover the sum of $1,224 for disability payments made to defendant under an insurance policy issued to his employer.
This policy provides that such disability payments will be made only in the event that there are not duplicate disability benefits available, such as Social Security. Plaintiff paid disability benefits to defendant in the sum of $1,224 pending determination of his claim for disability Social Security benefits and defendant signed a reimbursement agreement in which he agreed to reimburse plaintiff to the extent of any benefits paid by plaintiff for the period of disability for which benefits are paid through any Social Security Law.
On February 16, 1976, defendant was awarded Social Security disability benefits of $331.50 a month. A check for $1,473.31, representing benefits May through October, 1975, less 25% attorneys’ fees withheld.
Defendant has served an answer asserting a counterclaim which alleges, in substance, that defendant retained a private law firm at his own expense which successfully represented him at the Social Security hearing and was allowed $500 legal fees paid from the said award of $1,473.31.
The only defense asserted by defendant is the payment of legal fees of $500 which he claims were paid from the award, thereby reducing the Social Security award of $1,473.31. In the answering affidavit of his attorney, Peter S. Palewski, $724 is the net amount of the benefits received by defendant, exclusive of the legal fees of $500.
The award of the Social Security Administration was for $1,473.31 representing benefits for May through October, 1975 less 25% attorney’s fee withholding which would amount to $368.33, with monthly payments of $331.50 thereafter.
The reimbursement agreement before this court signed by the defendant on April 11, 1975 and by his employer, Revere Copper & Brass Incorporated on April 15, 1975 makes no reference to "net benefits” received from any Social Security Administration award for disability after deduction of attorney’s fees. In the agreement, defendant covenanted and *77 agreed to reimburse plaintiff, Aetna Life Insurance Company to the extent of any benefits paid by Aetna Life Insurance Company for the same period of disability (as defined in the group disability insurance contract) for which any benefits are paid or provided through any Social Security Law.
Under the aforesaid reimbursement agreement neither the amount of attorney’s fees nor the awarding of attorney’s fees are relevant since the reimbursement agreement is clear and unambiguous. Neither defendant’s attorney’s answering affidavit nor defendant’s answer with counterclaim raise issues of fact which would compel denial of plaintiff’s motion for summary judgment. The documents supplied by plaintiff attached to its moving papers consisting of the reimbursement agreement and the Social Security award certificate are clear and unambiguous and speak for themselves.
Defendant’s answer with counterclaim is stricken as sham and plaintiff’s motion for summary judgment in the sum of $1,224 with interest from March 1, 1976 with costs is granted.